**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**NIKE, INC.,**

       **Plaintiff,**

**-vs-**               **Case No. 6:09-cv-1438-Orl-31DAB**

**LARRY HILL d/b/a
www.EyeCatchingGear.com,**

       **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 11)**
>
> **FILED:**   December 4, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and that the Court issue an Order to show cause why the complaint should not be dismissed**.

   According to the Complaint, Plaintiff Nike, Inc., a corporation organized and having its principal place of business in Oregon., brings this action against Defendant Larry Hill, "an individual doing business in the State of North Carolina" for violation of its trademark rights (Doc. No. 1) The docket sheet reflects that Defendant was served at an apartment in North Carolina (Doc. No. 7), and has failed to respond to the Complaint. Following entry of a clerk's default and issuance of an Order

to Show Cause directed to the Plaintiff, the instant motion for default final judgment was filed. As the Court finds that jurisdiction over the Defendant has not been established, it is recommended that the motion be denied.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

It is fundamental that the Court can act only within the limits of its jurisdiction. Thus, before the Court can address the merits of any controversy, it must satisfy itself that it has jurisdiction over both the dispute and the parties. Plaintiff has the burden of establishing that the Court has personal jurisdiction over the Defendant. A prima facie case is established in such cases where "the plaintiff alleges sufficient facts in his complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir.1982) (motion to dismiss context). Here, no such facts are alleged. Upon a review of the Complaint and papers filed herein, and accepting all well pled allegations as true under the default standard, jurisdiction over the non-resident Defendant is not apparent.

As noted, Defendant is alleged to be an individual doing business in North Carolina and, in fact, he was served at a residence in North Carolina. There is no indication that Defendant has any

connection with this District, save for a vague allegation that: "Upon information and belief, Hill operates the interactive Web site at the Uniform Resource Locator (URL) <http://www.EyeCathcingGear.com>, which sells, offer[s] for sale, and distribute[s] merchandise in this District." (Allegation 6). This allegation is insufficient to establish personal jurisdiction.

To determine whether personal jurisdiction over a non-resident defendant may be exercised, the Court must determine: (1) whether the state long arm statute permits assertion of jurisdiction; (2) whether minimum contacts exist to satisfy the due process requirements of the Fourteenth Amendment; and (3) whether the maintenance of the suit would not offend "traditional notions of fair play and substantial justice" under *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *See generally Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990). Nothing in the Plaintiff's papers addresses or establishes any of these requirements. Moreover, the Court finds it unlikely that the state long arm statute would support jurisdiction on the facts presented.[1]

In addition, the Court finds the allegations of venue to be lacking, as well. Plaintiff asserts that venue is proper within this District pursuant to 28 U.S.C.A. § § 1391(b) and 1400(a). Section 1391(b) provides that venue is proper in the district where all the defendants reside, or in which the events giving rise to the claim arose. Section 1400(a) allows for venue where the defendant resides

---

[1] Assuming that Plaintiff is contending that Fla Stat. § 48.193(1)(a) (operating a business in this state) applies, the Court notes that this is contradicted by Plaintiff's allegation that Defendant operates a business in North Carolina. To the extent Plaintiff asserts that § 48.193(1)(b) (committing a tortious act within the state) is applicable, the Court notes that "[c]ase law dictates that injury from trademark infringement occurs in the state where the trademark owner resides." *Full Sail, Inc. v. Spevack*, 2003 U.S. Dist. LEXIS 20631, 2003 WL 25277185 (M.D.Fla. Oct. 21, 2003); *see also Hartoy Inc. v. Thompson*, 2003 U.S. Dist. LEXIS 3185, 2003 WL 21468079 (S.D.Fla. Jan. 29, 2003) ("Injury from such [trademark and trade dress infringement] will be deemed to have occurred in the state in which the trademark holder resides."), *cf. Licciardello v. Lovelady,* 544 F. 3d 1280 (11th Cir. 2008). Nike has alleged that it resides in Oregon.

or may be found. Defendant, however, does not reside in this District and there is no evidence that he can be found here. Moreover, there is no showing that a substantial part of the events giving rise to the claim occurred in this District, as the Complaint asserts that Defendant is doing business in North Carolina and, in any event, the injury to the trademark owner is deemed to have occurred in Oregon. *Full Sail, Inc., supra.* [2]

As the papers do not support a finding that this Court has jurisdiction over this Defendant, it is **respectfully recommended** that the motion be **denied** and the Court issue an Order to Show Cause why the matter should not be **dismissed**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 9, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] The Court notes that the only evidence that supports any connection with this District is set forth in the Declaration of Shaw Ashley (Doc. No. 12-4). Ms. Ashley indicates that she is a paralegal with counsel's firm and "our office" ordered and purchased two pairs of shoes via the internet from the website at issue. The two pairs were shipped to counsel's office within the District. There is no evidence to support that any other shipments were made within the District or the state.