# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NIKE, INC.,**

        **Plaintiff,**

**-vs-**                                   **Case No. 6:09-cv-1438-Orl-31DAB**

**LARRY HILL d/b/a**
**www.EyeCatchingGear.com,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION (Doc. No. 21)** |
| **FILED:** | **April 9, 2010** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, as set forth herein. | |

      This is an action for trademark infringement and unfair competition arising out of the

advertising and sale of allegedly infringing footwear and other products on the internet. The docket

reflects that Defendant was served with the Amended Complaint (Doc. No. 17) and has filed no timely

response.[1] A Clerk's default was entered (Doc. No. 20) and the instant motion, with supporting

---

[1]The Complaint was amended to include allegations with respect to this Court's jurisdiction over Defendant and this claim. *See, generally* Doc. Nos. 14-16.

Declarations and papers (Doc. No. 22), followed. Upon review, it is **respectfully recommended** that the motion be **GRANTED,** and the Proposed Final Default Judgment and Permanent Injunction (Doc. No. 22-4) be entered, as modified herein. Specifically, the Court recommends that a default judgment be entered and statutory damages be awarded in the total amount of $60,000.00, and that the proposed Permanent Injunction be entered against Defendant, but not "jointly and severally," as proposed.

## STANDARD OF REVIEW

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the Complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

## ISSUES AND ANALYSIS

In its Amended Complaint, Plaintiff asserts that it is engaged in the manufacture, design, and sale of footwear, apparel, and related accessories, which bear one or more of its distinctive registered trademarks (herein, "the Nike Trademarks") (Doc. No. 17 at ¶ 5a.). Nike alleges that it owns and operates 12 retail stores throughout the state of Florida including several stores in the Middle District of Florida. *Id*. According to the Amended Complaint, the Defendant operates an interactive website located at the URL <http://www.EyeCathcingGear.com>, which sells, offers for sale and distributes

merchandise in this District. *Id.* at ¶6.  Defendant is manufacturing, distributing, offering for sale, and/or selling the Nike Trademarks in the form of counterfeit shoes bearing exact copies or colorable imitations of the Nike trademarks, and Nike has never authorized Defendant to do so.  *Id.* at ¶10.  At all times relevant, this website was accessible in the State of Florida and residents of the state of Florida availed themselves of the opportunity to purchase shoes from the Defendant's website. *Id.* at ¶ 12. Specifically, the Amended Complaint asserts that "Hill solicited business and took orders from residents located in the Middle District of Florida and packaged, labeled and shipped multiple pairs of counterfeit Nike shoes to the Middle District of Florida." *Id.* at ¶ 13.  Nike asserts that Defendant appropriated Nike's trademarked properties "knowingly and willfully," and alleges that this conduct will dilute the goodwill and reputation of Nike, causing irreparable injury *Id.* at ¶27-32, 38.

**Liability and Damages**

By application of the above standards of law, Defendant admits these well-pled allegations, all of which support a conclusion that, as alleged, Defendant is liable for trademark infringement and false designation of origin and false description under the federal trademark laws, 15 U.S.C. § § 1051-1141 ("the Lanham Act").[2]  The factual allegations of the Amended Complaint are further supported by the Declarations of Lori Colbert (Doc. No. 22-2) and Shaw Ashley (Doc. No. 22-3), and the exhibits attached to the Declarations.  In view of the allegations admitted due to the default and the additional uncontradicted evidence set forth in the papers, the Court finds liability under the Lanham Act has been established.

With respect to the relief sought, Plaintiff has waived its claim for attorney's fees (Doc. No. 22, footnote 1), elects statutory damages for the infringements, and seeks entry of a Permanent

---

[2]Although the Amended Complaint also asserts a state law cause of action for unfair competition, Plaintiff seeks judgment only on the Lanham Act claims.

Injunction against continued violations. Nike has elected to recover statutory damages pursuant to

15 U.S.C.. §1117(c), which authorizes statutory damages of no less than $1,000 but no more than

$200,000 per counterfeit mark, per type of good or service sold, and the court may increase damages

to $2,000,000 per mark if it finds use of the mark was willful. Plaintiff seeks an award of $20,000

for each of the three Nike Trademarks infringed, for a total of $60,000.00.

In this district, the Court considers several factors in formulating an appropriate award: 1) the

expenses saved and profits reaped by the infringer; 2) revenues lost by the copyright[3] holder as a

result of the infringement; 3) and the infringer's state of mind, whether willful, knowing, or innocent.

*See Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F. 2d 829 (11th Cir. 1990);

and *Nick-O-Val Music, Inc. v. P.O.S. Radio Inc.,* 656 F. Supp. 826 (M.D. Fla. 1987). Additionally,

the Court is mindful of the purposes of the statutory provisions: restitution, preventing unjust

enrichment, reparation of injury and, notably, deterrence. *Nintendo of America, Inc. v. Ketchum*, 830

F. Supp. 1443, 1445 (M.D. Fla. 1993).

Here, as Defendant has not responded to the allegations, Nike has no evidence concerning

expenses saved or profits gained, nor evidence of revenues lost as a result of the infringements. On

the other hand, Plaintiff has submitted evidence that Defendant was put on notice of the violations

through cease and desist letters, and responded only by password-protecting his website in order to

secrete his business dealings. *See* Declaration of Shaw Ashley. There is no evidence that Defendant's

infringements were innocent or unintentional. Indeed, even the most cursory comparison of the

counterfeit products to the distinctive and world famous Nike Trademarks belie any contention of

honest mistake. As such, the Court finds the requested amount of $20,000 for each of the three

---

[3]Although this is a case for trademark infringement and not copyright infringement, Plaintiff argues that the Court should apply the approach used in construing the analogous statutory damages provision in the Copyright Act.

infringements for a total award of $60,000.00 in statutory damages to be appropriate and well within the Court's discretion, and **recommends** same.

**The Proposed Injunction**

The Court finds the proposed injunction (Doc. No. 22-4) to be in order, for the most part, and appropriate under the circumstances. The Amended Complaint sought injunctive relief, and the allegations deemed admitted by the default support the appropriateness of that relief. The proposed injunction is tailored to prohibit any and all counterfeit uses of the registered marks. The only modification the undersigned would recommend would be to delete, for obvious reasons, the reference to "jointly and severally" with respect to the sentence: "That judgment is entered jointly and severally against Defendant, Larry Hill d/b/a/ www.EyeCatchingGear.com, and in favor of Nike, Inc., in the amount of $60,000 in statutory damages pursuant to 15 U.S.C. § 1117(c)." Subject to that modification, the Court **recommends** that the Court grant the request for injunctive relief.

## CONCLUSION

For the foregoing reasons, it is **respectfully recommended** that the motion be **granted,** and judgment be entered, as set forth above.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 23, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy